## HOME OWNERS LOAN CORP. v McNABB, et

Common Pleas Court, Franklin Co

No 153118.  Decided April 7, 1939

R. G. Smith, Columbus, for plaintiff.
Ralph J. Bartlett, Prosecuting Atty., Columbus, for Clerk of Court.

### OPINION

By REYNOLDS, J.

This case is before the court on the issue raised by the cross-petition of Arthur Yoder, Clerk, who is claiming a lien for costs on property sold in this action on foreclosure.

The property involved was formerly mortgaged to Real Estate Service, Inc., and that company instituted foreclosure proceedings in Case No. 133165, in this Court and secured a judgment on which two executions were issued and both ordered returned by plaintiff's attorney. No execution for costs was ever issued by the clerk.

The costs in that case amounting to $70.42 remain unpaid and the case still remains on the docket of this court undismissed.

In 1933 the plaintiff refinanced the mortgage of The Real Estate Service, Inc. The new mortgage being filed on Dec. 15, 1933. It is this latter mortgage which has been foreclosed in this case. The property has been sold, and the sole question to be decided is whether the costs of case No. 133165 are a lien in favor of the Clerk of Court, prior to the lien of plaintiff's mortgage. The lien of the judgment in that case, which included the costs, was in favor of Real Estate Service, Inc., which company has filed a disclaimer to any lien on the property involved.

Is there any lien in favor of the clerk?

Sec. 3028 GC provides that where a successful party to an action fails to issue execution, or an execution is returned unsatisfied, the Clerk may for his own benefit issue execution to compel the party to pay his own costs.

It would seem to follow that since the judgment, which included costs, was in favor of plaintiff in the former case, only, and the clerk was not a party to the case, that he acquired no lien, unless and until he caused an execution therefor to be issued.

This is the effect of the Attorney General's opinion, No. 3735-1934 and in the authority of this opinion this court holds that the clerk has no lien prior to the lien of plaintiff's mortgage.